UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE BURLEY and
CAROLINE BURLEY,

       Plaintiffs,                CIVIL ACTION NO. 10-CV-10555

  vs.

                               DISTRICT JUDGE BERNARD A. FRIEDMAN

JEFFERY GAGACKI, WAYNE      MAGISTRATE JUDGE MONA K. MAJZOUB
COUNTY, EARL DOE, PAT BROWNE,
SHAWN REED, B. WOLOSKI, SCOTT
HARDING, K. HANGER, OFFICER PIEROG,
and SHERIFF LAND,

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PERMIT INSPECTION (DOCKET NO. 40)

This matter comes before the Court on Defendants Browne, Harding, Gagacki, Reed, and Woloski's Motion to Compel Plaintiffs to Permit Inspection. (Docket no. 40). The motion is fully briefed. Defendants Wayne County, Macomb County Sheriff Land, and Warren Police Officer Pierog have concurred with the motion and relief sought. (Docket no. 43). The Court heard oral argument on the motion on November 17, 2010. Plaintiffs' counsel and counsel for Defendants Browne, Harding, Gagacki, Reed, Woloski, Land, Pierog, and Wayne County appeared at the hearing. Counsel for Defendant Hanger also appeared at the hearing in support of the motion. Defendants' motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). The Court is now ready to rule on the motion.

Plaintiffs filed this civil rights action on February 9, 2010 pursuant to 42 U.S.C. § 1983,

1

alleging that Defendants violated their Fourth and Fourteenth Amendment rights during the June 13, 2007 execution of a search warrant at their home on 20400 Greeley in Detroit, Michigan. Plaintiffs allege that Defendants used excessive force during an unlawful search and seizure and physically injured them during the raid. Defendants are individual Task Force Officers with the Drug Enforcement Administration. Wayne County has also been named as a Defendant.

On September 23, 2010 Defendants Browne, Harding, Gagacki, Reed, and Woloski served a Request to Enter onto Land for Inspection to Plaintiffs. (Docket no. 40, Ex. 8). The Request sought permission pursuant to Federal Rule of Civil Procedure 34 for Defendant Gagacki "and any other defendants" to enter the Plaintiffs' home to inspect and take photographs of the home. Defendants indicate that they also need to take measurements of the rooms.

In support of the present motion, counsel for Defendants argue that because the search warrant was executed more than three years ago, and because several homes similar in appearance were searched on the same day, the individual Defendants are not sure which if any of them were inside the Plaintiffs' home during the raid. Plaintiffs however have alleged that all of the Defendants were inside their home and participated in the unlawful activity. Consequently, Defendants argue that they should be permitted to inspect the Plaintiffs' home to refresh their memories as to whether they entered the home during the raid, and where each Defendant may have been located inside the home during the events that transpired. Defendants also contend that Plaintiffs have identified three men as witnesses to the alleged events and have indicated that the men were in the basement and on the second floor of the home. Defendants therefore claim that the configuration of the rooms and furniture in the home is relevant to their defense.

Plaintiffs object to the Defendants' request, arguing that an inspection of the home is not

2

relevant to the Plaintiffs' claims that they were physically injured during the raid and therefore falls outside the scope of Federal Rule of Civil Procedure 26(b). Plaintiffs also argue that they will be re-traumatized if the individual officers are permitted to re-enter their home against their wishes. They contend that the inspection is (1) irrelevant, (2) overly burdensome, (3) likely to produce information which may be produced through other means, and (4) that the parameters of the inspection are not sufficiently specific. In lieu of an inspection, Plaintiffs suggest that they provide Defendants with schematic representations of their home, which could include pictures, diagrams, maps, and blueprints.

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land . . . so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed.R.Civ.P. 34(a)(2). Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion for an order compelling inspection if another party fails to permit inspection pursuant to a proper Rule 34 request. Fed.R.Civ.P. 37(a)(3)(B)(iv). Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Bus. Serv., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).

In an action similar to the case at bar, *Leybovich v. City of N.Y.*, No. 89 CV 1877, 1992 WL 104828 (E.D. N.Y. April 23, 1992), plaintiffs filed suit under 42 U.S.C. § 1983 against the City of New York and several police officers alleging that the police officers illegally entered and searched their home. Like the instant case, the *Leybovich* defendants sought to inspect the plaintiffs' home to photograph and measure it. Plaintiffs objected on the grounds that the inspection would violate their privacy and serve only to harass them. The court concluded that what the police officers could

see when they stood in various places in the house was relevant to their defense that they entered and searched the home because they were concerned for the lives and safety of its occupants, and remained there only as long as was necessary to determine that the occupants were not in jeopardy. The court further found that the plaintiffs were not excused from complying with Fed.R.Civ.P. 34 based on a Fourth Amendment privilege. The court granted defendants' request, permitting two defense attorneys and an official law department photographer to enter the plaintiffs' home for one hour to photograph and measure the premises.

Like *Leybovich*, the Court finds in the present matter that the discovery sought by Defendants falls within the scope of Rule 26(b) and is relevant to the claims and defenses asserted in this action. Consequently, Defendants have not requested any discovery other than that which they are permitted under Rule 34. The Court concludes that Defendants are entitled to inspect the Plaintiffs' home. Accordingly, Defendants' Motion to Compel Plaintiffs to Permit Inspection will be granted under the guidelines set forth below.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Plaintiffs to Permit Inspection (docket no. 40) is **GRANTED** as follows:

a. Defendants Browne, Harding, Gagacki, Reed, Woloski, Land, Pierog, and Hanger may enter the premises and inspect the Plaintiffs' home at 20400 Greeley in Detroit, Michigan pursuant to Federal Rule of Civil Procedure 34 at 2:00 p.m. on a date convenient to the parties.

b. In addition to the individual Defendants, one defense attorney may attend and participate in the inspection on behalf of Defendants Browne, Harding, Gagacki, Reed, and Woloski.

c. Defendants Land, Pierog, and Hanger may each bring one attorney to the inspection.

d. Defendant Wayne County may be represented at the inspection by one attorney.

e. Defendants Browne, Harding, Reed, Woloski, Land, Pierog, Hanger, and counsel for Defendants Wayne County and Hanger may inspect the home for fifteen minutes only, then must leave the premises.

f. Defendant Gagacki and his attorney, along with one attorney for each of Defendants Land and Pierog, may inspect the premises for a maximum of one additional hour for the purpose of photographing and measuring, or observing the photographing and measuring of, the entire interior and exterior of the home. Objects within the home may not be moved, and cabinets, drawers, and personal containers may not be opened for inspection. The inspection will conclude no later than 3:15 p.m. on the given date.

g. Defendants may utilize the services of Evidence Express or another comparable company to photograph and measure the interior and exterior of the Plaintiffs' home during the one hour inspection.

h. Plaintiffs may be present during the inspection at their choice, but they are not required to be present. Plaintiffs are not permitted to interfere with, participate in, block, or in any way impede the inspection.

i. Plaintiffs' counsel may be present during the entire inspection.

**NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 23, 2010         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 23, 2010     s/ Denise Goodoine
                             Case Manager